## Bennett *v.* Nye.

A parole contract to deliver hogs at a future day may be valid under the statute of frauds, as qualified by § 2411 of the Code.

The facts which will bring a parole contract within § 2411, may exist and be established outside of the stipulation in such contracts.

*Appeal from Muscatine District Court.*

*Opinion by* Hall, J. Joseph Bennett brought this suit against Alfred Nye, upon a contract by which Nye sold and agreed to deliver to Bennett, twenty-nine fat hogs, averaging three hundred pounds each in weight. The petition alleges a breach, &c. The answer denies the contract and damages.

On the trial the plaintiff offered to prove a parole contract, and the court decided that the contract could only be proved by written evidence. Judgment was rendered for the defendant.

The only question presented, arises upon a construction of the statute of frauds. The Code, § 2410, requires contracts " in relation to the sale of personal property, when no part of the property is delivered, and no part of the price paid, to be in writing." § 2411 qualifies

that part of § 2110, by saying that "it does not apply when the article of personal property sold is not, at the time of the contract owned by the vendor, and ready for delivery; but labor, skill, or money, are necessary to be expended in producing or procuring the same."

The fact which removes a parole contract from the operation of the statute of frauds, under this contract, can well exist outside of the contract. The party should have been permitted to prove his contract, and the facts which would take it out of the statute. If the plaintiff could prove, that at the time the contract was made, the hogs were not owned by the defendant—not ready for delivery—that labor, skill, or money, would necessarily have to be expended before they could be produced or delivered, then he would have taken the case out of the statute.

Judgment reversed.

*J. Butler*, for appellant.

*D. C. Cloud*, for appellee.